UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ARNOLDINI,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>NEIL ADLER, Warden,<br><br>　　　　　Respondent. | 1:08-cv-01324-AWI-JLT HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT (Doc. 1)<br><br>ORDER REQUIRING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

　　　Petitioner is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**FACTUAL AND PROCEDURAL HISTORY**

　　　The instant petition was filed on September 8, 2008. (Doc. 1). The petition contends that Petitioner is in the custody of the Bureau of Prisons ("BOP"), but that the BOP, despite previously assessing Petitioner for pre-release placement at a Community Corrections Center, and despite determining that Petitioner was suitable for placement in an RRC, the BOP "nevertheless denied him transfer solely because of the amount of time left on Petitioner's sentence." (Doc. 1, pp. 1-2).[1] At

---

　　　[1] Originally, these centers were called Community Corrections Centers ("CCC's"), the term Petitioner uses in his petition. However, these centers are now called "residential re-entry centers" or "RRC's." Therefore, the Court will refer to them as RRC's.

1  the time of denial, Petitioner had 28 months remaining on his sentence.  (Id., p. 2).   Petitioner
2  contends that BOP's refusal to place him in an RRC solely because of the time remaining on his
3  sentence is arbitrary and violates both recent federal case law on RRC placements and 18 U.S.C. §
4  3621(b).  (Id.).  Petitioner requests that this Court "order the BOP to immediately transfer Petitioner
5  to a [RRC]."  (Doc. 1, p. 12).

6        On September 3, 2010, Respondent filed the instant motion to dismiss, alleging that because
7  Petitioner had been transferred to an RRC by Respondent on May 12, 2010, the  petition was now
8  moot.  (Doc. 16, p. 2).  Petitioner has not filed an opposition to Respondent's motion to dismiss.

9  **JURISDICTION**

10        Writ of habeas corpus relief extends to a person in custody under the authority of the United
11  States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or
12  constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. §
13  2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must
14  bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., Capaldi v. Pontesso,
15  135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir.
16  1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610
17  F.2d 672, 677 (9th Cir. 1980).  To receive relief under 28 U.S.C. § 2241 a petitioner in federal
18  custody must show that his sentence is being executed in an illegal, but not necessarily
19  unconstitutional, manner.  See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1996)
20  (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d
21  at 893-94 (asserting petitioner should be housed at a community treatment center); Barden v.
22  Keohane, 921 F.2d 476, 479 (3rd Cir. 1990) (arguing Bureau of Prisons erred in determining whether
23  petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging
24  content of inaccurate pre-sentence report used to deny parol).  A petitioner filing a petition for writ of
25  habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's
26  custodian.  Brown, 610 F.2d at 677.

27        In this case, Petitioner alleges that BOP's failure to transfer him to an RRC, despite finding
28  him suitable for transfer, solely because of the time remaining on his sentence violates federal law.

Petitioner is therefore challenging the legality of the manner in which his sentence is being executed. Thus, his petition is proper under 28 U.S.C. § 2241. In addition, because Petitioner is incarcerated at the Taft Correctional Institution, Taft, California, which is within the Eastern District of California, Fresno Division, this Court has jurisdiction to proceed to the merits of the petition.

## EXHAUSTION

A preliminary question is whether petitioner has exhausted available administrative remedies. Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Western Radio Services Co. v. Espy, 79 F.3d 896, 899 (9th Cir. 1996); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).

The exhaustion prerequisite for filing a § 2241 petition is judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds, Reno v. Koray, 515 U.S. 50, 54-55 (1995). Thus, "[b]ecause exhaustion is not required by statute, it is not jurisdictional." Brown, 895 F.2d at 535. If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Id.; McCarthy v. Madigan, 503 U.S. 140, 144-145 (1992), superceded on other grounds, 42 U.S.C. §1997(e).

One of the purposes of administrative exhaustion is to allow the agency an opportunity to remedy its own mistakes before being haled into court, and this applies with particular force when the challenged action involves an exercise of the agency's discretionary power. See McCarthy v. Madigan, 503 U.S. at 145. Thus, exhaustion of administrative remedies would be futile and should be excused if the agency lacks authority to grant the requested relief or has predetermined the issued before it. See id. at 148.

Here, Petitioner concedes that he has not exhausted his administrative remedies, but argues that the exhaustion requirement should be waived due to futility. (Doc. 1, p. 5). Respondent has not raised the issue. As discussed above, futility is an exception to the exhaustion requirement. Laing v.

1  Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004).  In the instant action, it does appear that it would be
2  futile for Petitioner to exhaust his administrative remedies because he alleges that the BOP's refusal
3  to place him in an RRC after finding him suitable was consistent with BOP's policies and procedures
4  regarding similarly situated prisoners.  (Doc. 1, p. 5).   The Court agrees with Petitioner that
5  exhaustion of his administrative remedies is not a pre-requisite to the district court's jurisdiction over
6  the case because Petitioner's claim results from a consistent policy of the BOP which administrative
7  review would be unlikely to alter.

## DISCUSSION

9        The case or controversy requirement of Article III of the Federal Constitution deprives the
10 Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104
11 S.Ct. 373, 374-75 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352
12 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties
13 lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982).  The
14 Federal Court is "without power to decide questions that cannot affect the rights of the litigants
15 before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* Aetna Life Ins.
16 Co. v. Hayworth, 300 U.S. 227, 240-241 (1937).

17       Here, the instant petition requested an order from this Court directing the Bureau of Prisons
18 to immediately place Petitioner in an RRC.  Respondent has submitted evidence that Respondent
19 placed Petitioner in an RRC, i.e., the Vinewood Residential Reentry Center in Los Angeles,
20 California, on May 12, 2010.  (Doc. 15, p. 5).   Since placement in an RRC by Respondent was the
21 gravamen of the relief sought by Petitioner in this case, Petitioner has obtained the relief he sought
22 and there is no further relief the Court can accord Petitioner.  Because there is no further relief that
23 this Court can provide to Petitioner, the petition is now moot.  Murphy v. Hunt, 455 U.S. at 481.
24 Accordingly, the petition should be dismissed as moot.

## RECOMMENDATION

26       For the foregoing reasons, the Court HEREBY RECOMMENDS as follows:
27       1. Respondent's Motion to Dismiss (Doc. 16), should be GRANTED; and,
28       2. The Petition for Writ of Habeas Corpus (Doc. 1), should be DISMISSED as moot.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 23, 2010**              /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE